In the Matter of JOHN DOE.

Fourth Department, December 7, 1984

**APPEARANCES OF COUNSEL**

*Arlene Hughes* for appellant.

*Dale E. Skivington* for respondent.

*Robert Abrams, Attorney-General* (*Lew Millenbach* of counsel), for Monroe Developmental Center.

### OPINION OF THE COURT

*Per Curiam.*

The order under review authorized a bone marrow transplant from John Doe, a severely mentally retarded person, to petitioner, his 36-year-old brother, who suffers from chronic myelogenous leukemia. The 43-year-old incompetent donor has an I.Q. of 36, the mental equivalence of a two year old, and marked language deficiencies, both receptively and expressively. The trial court, while declining to use the "substituted judgment" doctrine or a clear and convincing evidentiary standard, found that the transplant would be in the incompetent's best interests because the benefits to him of his brother's future company and advocacy outweigh any physical and psychological risks.

The court under its *parens patriae* authority is empowered to protect the person and property of an individual who is not capable of making decisions in his own best interests. We

conclude that the source of any power that a court may have to authorize an incompetent's participation in a surgical procedure to save the life of another is confined to its *parens patriae* power; thus, such authorization may only be given if it is in the incompetent's best interests (see *Matter of Storar,* 52 NY2d 363; see, also, *Little v Little,* 576 SW2d. 493 [Tex]). The evidence shows that a bone marrow transplant will be of minimal risk to the incompetent and is the only reasonable medical alternative to save petitioner's life. Without it, he has a life expectancy of less than five years. The incompetent brother, his sole sibling, is an identically matched donor and the use of any other donor may significantly reduce the potential for a successful transplant.

The trial court found the evidence established to a "reasonable certainty" that participation in the procedure would be in the incompetent's best interest. The Court of Appeals has held that in exceptional civil matters "clear and convincing" evidence should be required (*Matter of Storar, supra,* p 379); this standard serves "to impress the factfinder with the importance of the decision" (*Addington v Texas,* 441 US 418, 427) and " ' "operate[s] as a weighty caution upon the minds of all judges" ' ", forbidding relief " ' "whenever the evidence is loose, equivocal or contradictory" ' " (*Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 220). It is apparent that the trial court was impressed with the importance of its decision, concerned about adequate protection of the incompetent's interest (see Mental Hygiene Law, § 33.03) and due process standards and performed a thorough and systematic analysis of the benefits and risks to the incompetent. The evidence was neither loose, equivocal nor contradictory. We agree that the benefits to the incompetent if his brother lives outweigh the physiological and psychological risks, so long as the conditions imposed in the order are complied with. The petitioner is the sole family member to have become involved in placement and treatment decisions for the incompetent in the past and will likely continue to do so. Regardless of the standard of proof that should be required in cases of this type, the record before us demonstrates by clear and convincing evidence that the procedure is in the incompetent donor's best interests.

Accordingly, the order should be affirmed.

DOERR, J. P., BOOMER, GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Order unanimously affirmed, without costs, in accordance with *Per Curiam* opinion.